

064021.0347(207)          RMC:ddm                    **FILED**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

JUN 16 2008
At_____M
STEPHEN R. LUDWIG, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| STATE AUTOMOBILE MUTUAL INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) )  **2 08CV0147** |
| MICHAEL SAKS, SYDNEY SAKS, ALAN SAKS, JAMES HARRIS, JACQUELINE D. DEBSHAW, BRYAN DEBSHAW as Personal Representative of the Estate of RAYMOND J. DEBSHAW, and SUNRISE, INC., | ) ) ) ) ) ) ) |
| Defendants. | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

Now comes the Plaintiff, State Automobile Mutual Insurance Company, by its attorney, Robert Marc Chemers of Pretzel & Stouffer, Chartered, and for its Complaint for Declaratory Judgment against the Defendants, Michael Saks, Sydney Saks, Alan Saks, James Harris, Jacqueline D. Debshaw, Bryan Debshaw as Personal Representative of the Estate of Raymond J. Debshaw, and Sunrise, Inc., alleges the following:

### JURISDICTION

1. The jurisdiction of this Court is premised upon 28 U.S.C. §1332 because there is complete diversity of citizenship between the parties and the amount in controversy

exceeds the sum of $75,000, exclusive of interest and costs, in this action seeking a declaration of no insurance coverage.

## VENUE

2. Venue is premised upon 28 U.S.C. §1391 as the Defendants are residents of this District.

## THE PARTIES

3. State Automobile Mutual Insurance Company (hereinafter "State Auto") is an Ohio insurance corporation, which maintains its principal place of business in Columbus, Ohio, and which at all times herein relevant was licensed to and which did transact insurance business in the State of Indiana and elsewhere.

4. Michael Saks (hereinafter "Michael") is a citizen of the State of Indiana, a resident of Munster, Indiana, and claims status as an "insured" under a policy State Auto issued to another.

5. Sydney Saks (hereinafter "Sydney") is a citizen of the State of Indiana, a resident of Munster, Indiana, is the wife of Michael Saks, and claims status as an "insured" under a policy State Auto issued to another.

6. Alan Saks (hereinafter "Alan") is a citizen of the State of Indiana, a resident of Dyer, Indiana, and claims status as an "insured" under a policy State Auto issued to another.

7. James Harris (hereinafter "James") is a citizen of the State of Illinois, a resident of Lansing, Illinois, and claims status as an "insured" under a policy State Auto issued to another.

8. Jacqueline Debshaw, Bryan Debshaw and Sunrise, Inc. (hereinafter "the underlying third party plaintiffs") are the third party plaintiffs in a certain action brought against Michael, Sydney, Alan and James, which action will be more fully described later herein, and who are nominal but interested parties to this declaratory judgment action. State Auto seeks no relief from the underlying third party plaintiffs, who have been joined herein as third party defendants solely in order to be bound by the judgment rendered in this cause. Jacqueline Debshaw and Bryan Debshaw are citizens of the State of Indiana and reside in Jasper County, Indiana. Sunrise is an Indiana corporation with its principal place of business in Jasper County, Indiana.

## THE STATE AUTO POLICY

9. State Auto issued its policy of insurance numbered BO354396100 to Mercantile Land Trust No. 4495 of the Mercantile National Bank of Indiana as the named insured. The policy provided for Commercial General Liability Insurance for the effective policy period of April 21, 1986 to April 21, 1987. A certified true and correct copy of the State Auto policy of insurance is attached hereto, made a part hereof and is marked as Pleading Exhibit A.

10.     The State Auto policy was renewed for the policy period of April 21, 1987 to April 21, 1988, and then renewed again for the period of April 21, 1988 to April 21, 1989. Certified true and correct copies of each renewal policy are attached hereto, made a part hereof and are marked as Pleading Exhibit B and C, respectively.

### THE UNDERLYING LITIGATION

11.     The underlying third party plaintiffs have filed an action for damages against Michael, Alan and James (collectively "the beneficiaries") and Sydney, and others in the Jasper County (Indiana) Superior Court, under Cause No. 37D01-0608-PL-256. A true and correct copy of the Amended Third Party Complaint is attached hereto, made a part hereof and is marked as Pleading Exhibit D.

12.     The underlying third party plaintiffs seek declaratory and other relief from the beneficiaries and Sydney (who is not a beneficiary of the Trust) with respect to their operation of various businesses over the years at certain property in DeMotte, Indiana, commonly known as 634 North Halleck Street, all of which more fully appears in Pleading Exhibit D attached hereto.

### TENDER OF DEFENSE

13.     The beneficiaries and Sydney have made a demand on State Auto to provide them with a defense for the action filed by the underlying third party plaintiffs. State Auto has refused that tender of defense for the reason that the beneficiaries are not "insureds" under the policy State Auto issued to Mercantile Land Trust No. 4495, and Sydney does not qualify as an "insured".

## FIRST CLAIM FOR RELIEF
### (DECLARATORY JUDGMENT RE: NO DUTY TO DEFEND)

14. State Auto adopts and repeats the allegations of ¶¶ 1 through 13 as and for ¶ 14 hereof as though the same were fully set forth herein.

15. While the State Auto policies, Pleading Exhibits A, B, and C, extend coverage for "bodily injury" or "property damage" or "personal injury" as defined therein, the duty to defend applies to a claim or suit against "the insured", as that term is defined.

16. The State Auto policies, issued to Mercantile Land Trust No. 4495 do not extend "insured" status to Michael Saks, Sydney Saks, Alan Saks and James Harris by definition, endorsement or otherwise.

17. The above-contentions of State Auto are, on information and belief, denied by the Defendants who, in turn, contend that they are entitled to coverage under the State Auto policies of insurance. State Auto, in turn, denies the contrary contentions of the Defendants and each of them.

18. By reason of the foregoing, an actual and justiciable controversy exists between the parties and each of them, which may be determined by a judgment or order of this Court. Pursuant to the terms and provision of 28 U.S.C. §§ 2201 and 2202, this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policies of insurance referred to herein, and to adjudicate the final rights of all parties and to give such other and further relief as may be necessary to enforce the same.

## PRAYERS FOR RELIEF

**WHEREFORE**, the Plaintiff, State Automobile Mutual Insurance Company, prays that this Court enters judgment finding and declaring the rights of the parties as follows:

A.  That State Automobile Mutual Insurance Company has no duty or obligation to provide a defense to Michael Saks, Sydney Saks, Alan Saks and James Harris for the allegations of the Amended Third Party Complaint brought against them in the Jasper County (Indiana) Superior Court under Cause No. 37D01-0608-PL-256 under its policies of insurance.

B.  That the Court grant State Automobile Mutual Insurance Company such other and further relief as the Court deems fit and just under the circumstances.

C.  That State Automobile Mutual Insurance Company be awarded and have and recover its just and reasonable costs incurred herein and have execution issue therefor.

Respectfully submitted:

PRETZEL & STOUFFER, CHARTERED

BY: _____
Robert Marc Chemers

Robert Marc Chemers
PRETZEL & STOUFFER, CHARTERED
One South Wacker Drive
Suite 2500
Chicago, Illinois 60606
(312) 578-7548
*Attorneys for Plaintiff*